1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 18, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MISSI T., | No. 1:20-CV-03199-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney D. James Tree represents Missi T. (Plaintiff); Special Assistant United States Attorney Sarah L. Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 29, 2018 alleging disability since April 30, 2017 due to PTSD/hallucinations, OCD, major depressive disorder, social anxiety/panic attacks and back pain. Tr. 15, 220, 226, 248. The applications were denied initially and upon reconsideration. Tr. 71-72, 95-96. Administrative Law Judge (ALJ) Glenn G. Meyers held a hearing on February 6, 2020, Tr. 15, 31-70, and issued an unfavorable decision on February 26, 2020. Tr. 15-26. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on September 14, 2020 Tr. 1. The ALJ's February 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 13, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1989 and was 28 years old on the alleged onset date. Tr. 25. Plaintiff has a GED and some college. Tr. 249, 382. Past work has included jobs such as agricultural produce sorter, telemarketer, photographer, paint mixer, and vendor. Tr. 24. Plaintiff began treatment for mental health conditions in 2017 with medications and counseling for mental health symptoms. Tr. 382. Plaintiff is transgender and began taking testosterone in 2018. Tr. 381, ECF No. 15 at 2. As of the 2020 hearing Plaintiff had not legally changed his name, but he stated a preference for he/him pronouns, and the ALJ used these in the decision.[2] Tr. 33, 35.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

_____

[2] The Court uses Plaintiff's preferred he/him/his pronouns in this order.

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work;

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On February 26, 2020 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-26.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: a depressive disorder; an anxiety disorder; a personality disorder; and post-traumatic stress disorder (PTSD). Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> He is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments. He will have no contact with the public. He is capable of working in proximity to but not in coordination with co-workers. He will have occasional contact with superiors. He will be absent from work six times per year.

Tr. 20.

At step four, the ALJ found Plaintiff was able to perform his past relevant work as an agricultural produce sorter. Tr. 24.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could also perform other jobs that existed in significant numbers in the national economy, including the jobs of industrial cleaner, kitchen helper, and laundry worker II. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) not properly assessing Plaintiff's subjective testimony; and (2) improperly rejecting the medical opinion of an evaluating psychologist.

## DISCUSSION

### 1.    Plaintiff's subjective statements

Plaintiff alleges the ALJ improperly disregarded his subjective symptom reports. ECF No. 15 at 2.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. The ALJ found Plaintiff's allegations to be out of proportion to mental status findings, inconsistent with the medical record, which showed improvement with treatment, and undermined by inconsistent statements regarding his ability to work. Tr. 21-22.

Plaintiff points out lack of support from objective findings alone cannot be the basis of an adverse finding on the validity of Plaintiff's symptom testimony. ECF No. 15 at 7. Plaintiff also argues that the ALJ focused on records that were not specific to mental health treatment and focused on normal findings in the record. *Id.* at 8-9. Defendant argues the ALJ reasonably weighed Plaintiff's allegations but found them inconsistent with the record. ECF No. 16 at 8.

The Court finds the ALJ did not err. First, while it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ acknowledged the evidence suggested some limitations due to mental health symptoms but reasonably determined Plaintiff's allegations were out of proportion to mental status findings. Tr. 21. The ALJ pointed to largely unremarkable mental status exams throughout the record, including the mental status exam with the DSHS examiner, Dr. Bowes, in finding Plaintiff's allegations of disabling mental impairments to be unsupported. Tr. 21, 22, 386.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

Upon mental status exam in May 2018, for example, Dr. Bowes observed Plaintiff's grooming "seemed ok," eye contact was adequate, and his speech was normal. Tr. 385. Plaintiff was cooperative, although he seemed easily overwhelmed with poor frustration tolerance. *Id.* Plaintiff's mood was anxious and his affect labile, but his thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, insight and judgement were within normal limits. Tr. 386. Psychological testing showed Beck depression and anxiety inventory scores in the severe range, but Trails testing results were within normal limits. Tr. 383. Dr. Bowes referenced the Trails test results, noting Plaintiff's concentration appeared normal on mental status exam. Tr. 386. The record as a whole supports the ALJ's findings; Plaintiff often has some positive findings such as anxiety or irritability upon mental status exam, yet he is able to concentrate and understand, he remains engaged, and overall mental status exam findings are within normal limits. *See, e.g.,* 370-371, 493-494, 498, 502, 514, 640, 650, 655. While there are some objective findings in Plaintiff's treatment records that are supportive of his allegations, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ's interpretation of the record is reasonable.

Next, a favorable response to treatment can undermine a claimant's complaints of debilitating symptoms. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Here, the ALJ found that despite Plaintiff's testimony that his mental health symptoms had never improved, only worsened over time, the record showed positive response to treatment. Tr. 21, 22, 48. The ALJ acknowledged situational stressors sometimes exacerbated Plaintiff's mental health symptoms. Tr. 22. The ALJ pointed to evidence throughout the record where Plaintiff reported he was doing better with medication and therapy, and reports by his mental health

providers that he used skills he learned in therapy to remain calm and advocate for himself during difficult situations. Tr. 19, 21, 22, 370, 494, 502, 522, 526, 533, 536, 655, 665. The ALJ reasonably considered the record in concluding Plaintiff's conditions improved with medication and therapy.

Finally, an ALJ may consider inconsistent statements by a claimant in assessing his subjective statements. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ found Plaintiff's testimony that his last job ended due to a back injury inconsistent with his reports of not being able to work since that time due to mental health symptoms. Tr. 22, 36. The ALJ noted Plaintiff also testified he was able to perform the duties of that job until he injured his back. *Id.* The ALJ found Plaintiff's December 2017 plans to look for work, including seeking a clothing voucher for work clothing, were inconsistent with allegations of total disability. Tr. 22, 676, 683. Such inconsistencies are reasonable factors for an ALJ to discuss in evaluating the reliability of a claimant's allegations.

The Court finds the ALJ offered clear and convincing reasons for his assessment of Plaintiff's subjective reports.

**2.    Dr. Bowes**

Plaintiff alleges the ALJ erred by improperly disregarding the opinion of Tasmyn Bowes, Psy.D. ECF No. 15 at 16-21.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. In evaluating the medical opinion evidence, the ALJ will no longer defer or give specific evidentiary weight to any medical opinion but will consider and evaluate the persuasiveness of medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's

relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions about the same issue are equally well-supported and consistent with the record. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c), 416.920c(c). [3]

_____

[3] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1
2
3
4
5

       In May 2018, Dr. Bowes administered a clinical interview and mental status
exam and diagnosed Plaintiff with Borderline Personality Disorder, PTSD, and
Unspecified Gender Dysphoria. Tr. 384. Dr. Bowes opined Plaintiff was overall
markedly impaired and had multiple severe, marked, and moderate limitations in
specific areas of work-related functioning. Tr. 384-85.

6
7
8
9
10
11

       The ALJ found this opinion unpersuasive, noting Dr. Bowes reviewed no
medical evidence in preparation for her evaluation and thus had little foundation
for her opinion beyond Plaintiff's subjective reports at the time. Tr. 23. The ALJ
further found Dr. Bowes did not provide any specific rationale to support her
assessment of such profound limitations, and that her findings were inconsistent
with her own mental status exam and the record as a whole. *Id.*

12
13
14
15
16
17
18

       Plaintiff argues Dr. Bowes's opinion was based on her clinical interview,
objective testing, and mental status exam. ECF No. 15 at 18-19. Plaintiff further
argues the ALJ substituted his lay opinion for Dr. Bowes's expertise when
evaluating the mental status findings, and that Dr. Bowes's opinion was consistent
with the record as a whole. *Id.* at 19-21. Defendant argues the ALJ appropriately
considered the supportability and consistency factors and reasonably interpreted
the record. ECF No. 16 at 3-7.

19
20
21
22
23
24
25
26
27
28

       The Court finds the ALJ did not err. He discussed the most important factors
of supportability and consistency, as required by the rules. Tr. 23-24. The ALJ
reasonably found a lack of objective evidence in support of Dr. Bowes's opinion,
noting the "rather extreme limitations" given by her were inconsistent with her
own essentially normal findings upon mental status exam, as explained *supra*. Tr.
23, 385-86. The ALJ also noted Dr. Bowes did not provide any specific rationale to
explain her assessment of severe and marked limitations. *Id.* In fact, on the portion
of the form reserved for the examiner to describe how each diagnosis is "supported
by available objective evidence," Dr. Bowes listed the diagnoses but left the
explanation blank. Tr. 383-84. The ALJ must consider the amount of objective

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

medical evidence and supporting explanations presented by the source. 20 C.F.R. 404.1520c(c). Finally, in contrast to the severe limitations assessed by Dr. Bowes, the ALJ noted many treatment records showed improvement with medication and therapy throughout the period at issue, and he reasonably found Dr. Bowes's opinion inconsistent with the record as a whole. Tr. 23-24. The Court finds the ALJ's discussion is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED October 18, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE